IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 0 8 1999

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| RUMALDO SOLIS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-96-232 |
| | § | |
| A. LAMAR PRUIT-F.B.I., CHARLES C. | § | |
| GREGORSKI-F.B.I., ROBERT GARCIA- | § | |
| F.B.I., PEDRO RIVAS-F.B.I., | § | |
| DON STAGGS-I.R.S. | § | |

### MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Rumaldo Solis ("Solis") sued four FBI agents, Lamar Pruit, Charles Gregorski, Robert Garcia, and Pedro Rivas, and one IRS agent, Don Staggs. Solis claims in his pro se Original Petition (Docket No 1) that while executing a search warrant at his home these agents seized approximately $61,000.00 in cash, but only reported the seizure of $30,500.00.

The Defendants have filed a Motion to Dismiss or in the Alternative for Summary Judgment (Docket No. 10).

### BACKGROUND FACTS

Solis, an INS officer was charged with and ultimately pled guilty to conspiracy to commit drug violations pursuant to 21 U.S.C. § 846 (Docket No. 10, Exhibit 1). As part of the investigation which led to Solis' arrest and guilty plea, a search warrant (Docket No. 10, Exhibit 2) was executed on December 13, 1994, by the FBI.

Currency was found at two locations in Solis' house. Fifteen thousand dollars was found in the attic and $15,050.00 was found in an air conditioning vent.

As part of his plea agreement (Docket No. 10, Exhibit 1, p.3, ¶ 3), Solis agreed to waive

any interest in assets subject to forfeiture. Apparently he has reneged on that part of the agreement. An affidavit from an FBI paralegal (Docket No. 10, Exhibit 11) states that on April 21, 1994, Solis filed claims and cost bonds claiming ownership of the $30,050.00 in currency. Although plaintiff alleges that the FBI seized approximately $61,000.00 in cash, he only claims ownership of $30,050.00. (Docket No. 10).

The only evidence that there was any more currency at Solis' house is his own unsupported statement in his petition. All of the documents attached to the defendants' response indicate that the amount of currency found at Solis residence was $30,050.00.

Solis filed this complaint on December 13, 1996. His plea agreement is dated January 26, 1996. He was charged over a year before that, in December 1994. During the two years which elapsed, Solis made no claim that the government agents had stolen cash from him.

Solis brings his claim under several legal theories. These include 42 U.S.C. §§ 1981-1988, and the Fourth and Fourteenth Amendments to the United States Constitution. In a Motion for Leave to Amend (Docket No. 18) filed November 18, 1998, Solis seeks to convert his action into a *Bivens* claim, *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971) and to join the United States and the Federal Bureau of Investigation as parties.

## RECOMMENDATION

The most liberal construction of Solis' pleadings does not give him any comfort. Solis alleges that government agents stole his cash which was seized from his house. His best case would be a conversion claim brought under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671. There are two principal problems with Solis' FTCA case. The first is that the proper defendant is the United States, 28 U.S.C. § 2679. The second problem is that the

FTCA requires the filing of a notice of claim within two years of the accrual of a cause of action pursuant to 28 U.S.C. §§ 2674 and 2675(a). Solis did not do this. (See affidavits from FBI and IRS attached as Exhibits 9 & 10 to Docket No. 10). The filing of claim is a jurisdictional prerequisite to an FTCA case. *Cook v. United States,* 978 F.2d 164, 166 (5th Cir. 1992).

Solis' Title 42 civil rights claims are misplaced. Section 1983 affords remedies for deprivation of rights under color of state or local law. Sections 1981 and 1982 afford relief for racial discrimination in contracts and real estate matters. Section 1985 deals with conspiracies to interfere with civil rights. Section 1986 speaks to failing to prevent civil rights violations. Section 1987 requires federal officials to prosecute civil rights actions. Section 1988 calls for attorneys fees to be awarded for successfully prosecuting a civil rights action. None of these civil rights statutes are implicated in Solis' complaints. See *Green v. State Bar of Texas,* 27 F.3d 1083, 1086-1089 (5th Cir. 1994)

In this Court's opinion, this is in essence a suit against the government. The only conceivable cause of action Solis has is under the FTCA. That case is barred. Therefore, Solis is simply left with a possible suit for conversion against the FBI agents in their individual capacity. However, this court is without jurisdiction to entertain such a claim as the amount in controversy requirement is not met. To invoke the court's jurisdiction, the amount in controversy must exceed $ 75,000.00. 28 U.S.C. § 1332(a). Solis seeks only $ 30,050.00 in damages. Accordingly, this entire case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

IT IS THEREFORE RECOMMENDED the Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment and Memorandum in Support Thereof be **GRANTED**

3

and that Rumaldo Solis' Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 8th day of February 1999.

John Wm. Black
United States Magistrate Judge